**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re

James W. Hill

                                      CHAPTER    13
                                      CASE NO.    8:15-bk-04955-CED

       Debtor(s)
_____/

**RESPONSE TO MOTION TO VALUE/DETERMINE SECURED STATUS FILED BY WELLS FARGO BANK, N.A. REGARDING REAL PROPERTY (DOC. NO. 31)**

      WELLS FARGO BANK, N.A. ("Creditor"), responds to the Motion to Value / Determine Secured Status filed by the Debtor as to the following Property: REAL PROPERTY LOCATED: 2847 6TH STREET S SAINT PETERSBURG, FL 33705, LEGALLY DESCRIBED AS: ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF PINELLAS STATE OF FLORIDA, DESCRIBED AS FOLLOWS:
LOT 52 AND 53, OAK HARBOR, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 5, PAGE 94, PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA. ("Property") and states as follows:

    1.      The Debtor seeks to value the property securing the claim of Creditor pursuant to 11 U.S.C. §506.

    2.      The relevant portion of section 506(a)(1) reads:

        An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the

valuation and of the proposed disposition or use of such property.  11 U.S.C. § 506(a)(1)(parts omitted).

3. "Market Value" is the hallmark standard of value to be used in the 11th Circuit. Market Value is, in essence, what a willing buyer and a willing seller negotiate in an arms length transaction, with neither party acting under compulsion nor both parties with knowledge of the material facts and circumstances of the transaction.

4. The Debtor's Motion provides for a valuation/determination of the secured status of Creditor's claim in an amount less than the full balance owing to the Creditor.

5. The proposed valuation set forth in the Motion does not appear to accurately reflect the market value for the subject Property and Creditor's claim, therefore, is secured with a value in excess of that sought by the Debtor.

6. The Debtor's Motion should be denied or in the alternative the Creditor prays the Court enter an Order setting the matter for hearing.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on February 17, 2016, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to:  James W. Hill , 4333 11th Avenue S. , Largo, FL 33771 ; Thomas C. Little, Esq., 2123 N.E. Coachman Road, Suite A, Clearwater, FL 33765; Kelly Remick, Trustee, Post Office Box 6099, Sun City Center, FL 33571.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel  
Nicole Mariani Noel (x1343)

1342062B/jsm1